· LOUIS C. MANCE, Respondent, *v.* HATTIE HOSSINGTON, as Executrix of GEORGE A. HOSSINGTON, Deceased, Appellant.

Accord and satisfaction — when receipt in full upon payment of one account is not proof of accord and satisfaction of another account — evidence — effect upon verdict and judgment of the admission of incompetent evidence — objection to admission of improper evidence for plaintiff not waived by defendant introducing evidence of same general character.

1. A receipt may be modified, explained or contradicted by parol.

2. Payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction unless there is a *bona fide* dispute as to the debtor's liability or as to the amount due from him. The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability.

3

3. On the trial of an action for services plaintiff was allowed to show, on cross-examination of defendant under objection, that other persons had brought actions against him for services, and that recovery had been had in such actions. *Held*, incompetent and immaterial, and ground for reversal.

4. The effect upon a verdict and judgment of improper and incompetent evidence having been received in the trial court depends upon the facts in each case, and the determination in one case is not necessarily to be followed as a precedent in subsequent cases.

5. Where evidence is admitted subject to objection the party against whom the testimony is received is entitled to produce testimony of the same general character without waiving his objections to the evidence received, since he must try the case in view of the evidence admitted therein, although taken subject to his objections.

*Mance* v. *Hossington*, 140 App. Div. 917, reversed.

(Argued February 29, 1912; decided March 19, 1912.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 14, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Burns* for appellant. The facts proven present a plain and simple question of accord and satisfaction which must be decided in favor of the defendant. (*Harris* v. *Van Wart*, 96 N. Y. 642; *Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Logan* v. *Marshall*, 18 App. Div. 353; 162 N. Y. 624; *Komp* v. *Raymond*, 42 App. Div. 32; *Rothschild* v. *Mosbacher*, 26 App. Div. 167; 158 N. Y. 711; *St. Regis Paper Co.* v. *Tonawanda Co.*, 107 App. Div. 90; *Lewinson* v. *M. T. Co.*, 60 App. Div. 572; *Whitaker* v. *Eilenberg*, 70 App. Div. 489; *Rosenfeld & Co.* v. *Solomon*, 61 Misc. Rep. 238.) The trial court erred in permitting questions to be answered as to lawsuits which defendant had had with other employees. (*Keefe* v. *Lee*, 197 N. Y. 523.)

*Mason M. Swan* for respondent. There is no evidence of an accord and satisfaction. (*Eames V. B. Co.* v.

*Prosser*, 157 N. Y. 289; *Laroe* v. *S. L. Dairy Co.*, 180 N. Y. 367; *Komp* v. *Raymond*, 175 N. Y. 102; *Boardman* v. *Gaillard*, 60 N. Y. 616; *Ryan* v. *Ward*, 48 N. Y. 204; *Windmuller* v. *Goodyear T. & R. Co.*, 123 App. Div. 424, 427.) The rulings of the court were right and the exceptions are without merit. (*Keefe* v. *Lee*, 197 N. Y. 523; *People* v. *Hampartjoomian*, 196 N. Y. 77.)

Chase, J. This action is brought to recover one-third of the receipts from the product of a dairy from October 7th, 1904, to March 1, 1905, as part of the alleged agreed consideration for the services of the plaintiff and his family on the farm of the defendant's testator.

The plaintiff claims that the defendant's testator agreed to give him for such services the use of a house and all necessary food, provisions and fuel for himself and family during said term and in addition thereto, one-third of the receipts from the product of said dairy. The services are not disputed and the plaintiff had the use of a house and also all necessary food, provisions and fuel for himself and family during said term. Issue was joined and the trial took place in the lifetime of the defendant's testator. He denied that he had agreed to give the plaintiff any part of the receipts from the product of said dairy as a part consideration for said services.

Upon the trial the issue of fact relating to the contract was supported on the part of the plaintiff by his testimony and that of his wife and on the part of the defendant's testator by his testimony and that of the present defendant who was his wife. It was necessary to submit such question of fact to the jury.

The plaintiff with two of his minor sons had been employed by the defendant's testator prior to October 7th, 1904. Such employment was at an agreed price for each day's service. On March 1, 1905, there concededly remained due and unpaid to the plaintiff for such services the sum of $17.15, and such employment and services

were entirely independent of the employment and services described in the pleadings in this action. Soon after March 1 the plaintiff received from the defendant's testator $17.15 and signed and delivered a receipt, as follows:

"ADAMS, *March 1st*, 1905.

"Received of G. A. Hossington $17.00 in full of all accounts and demands to date."

The defendant insists that by such payment as evidenced by said receipt the plaintiff's demand as alleged in the complaint has been paid and satisfied and also that said payment constitutes an accord and satisfaction of all accounts and demands held by the plaintiff against the testator. The receipt of the $17.15 was not a payment of anything other than the balance unpaid upon the account for services prior to October 7, 1904, and it being for an amount concededly due and unpaid on such independent contract, it was not an accord and satisfaction of another disputed and unliquidated claim.

The payment of an amount less than that for which the debtor is liable does not constitute a valid accord and satisfaction unless there is a *bona fide* dispute as to the debtor's liability or as to the amount due from him. In case a payment of a part of a demand is received in full settlement thereof, the concession by each party is a consideration for the concession by the other.

The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability. (*Ryan* v. *Ward*, 48 N. Y. 204; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Laroe* v. *Sugar Loaf Dairy Co.*, 180 N. Y. 367.)

.An accord and satisfaction requires a new agreement and the performance thereof. It must be an executed contract founded upon a new consideration. (*Nassoiy* v. *Tomlinson, supra; Jaffray* v. *Davis*, 124 N. Y. 164; *Kromer* v. *Heim*, 75 N. Y. 574; *Fuller* v. *Kemp*, 138 N. Y. 231.)

A receipt may be modified, explained or contradicted by parol. (*Komp* v. *Raymond*, 175 N. Y. 102.)

The testimony relating to the payment of said $17.15, and the written receipt given at such time were properly received in evidence upon the question at issue relating to the contract of hiring for the term described in the pleadings.

We are, however, of the opinion that the judgment must be reversed because of the deliberate and inexcusble questioning of the testator about matters outside of the issue upon trial by which the plaintiff succeeded in getting before the jury incompetent and immaterial evidence of prior suits by other persons against the testator.

During the cross-examination of the testator he was asked if he had had a great deal of trouble with his help in past years. It was objected to as immaterial and improper, but before a ruling was announced the testator answered, "Not that I know of." The testator was then asked, "Q. A good many of your employees have sued you, haven't they, for their wages?" The defendant's attorney objected on the same grounds, to which the court replied, "He can ask if he has had suits." The defendant's attorney took an exception and the testator answered, "One or two." This was followed by questions and answers which showed that counsel for the plaintiff as an attorney at law had brought five other actions against the testator for persons who had performed services for him, and the names of the persons bringing such actions were given, and the testator was asked if an attorney, Dewey, had brought an action against him for services and recovered, and if an action had been brought against him for services and a recovery had by a boy in the city of Watertown.

The plaintiff in presenting evidence of other suits against the testator must have done so believing that the jury would assume that such suits would not have been brought unless they should have been brought. It is also evident

that the plaintiff thought that such evidence was desirable to enable him to get a verdict in the case on trial. The receipt of the evidence after the decision of the court as stated was calculated to impress the jury that the evidence was material for its consideration.

The respondent insists that the evidence, although erroneously and improperly received, should not affect the verdict, and cites as his authority the decision of this court in the case of *Keefe* v. *Lee* (197 N. Y. 68). The effect upon a verdict and judgment of improper and incompetent evidence having been received in the trial court depends upon the facts in each case, and the determination in one case is not necessarily to be followed as a precedent in subsequent cases. The evidence in this case in favor of the verdict is not sufficiently convincing to justify our overlooking the error so committed at the insistence of the plaintiff's counsel.

The respondent also asserts that the error in the admission of such testimony was cured by counsel for the defendant subsequently asking the testator about the same and other litigation. Where evidence is admitted subject to objections the party against whom the testimony is received is entitled to produce testimony of the same general character without waiving his objections to the evidence received because he must try the case in view of the evidence admitted therein even although it is taken subject to his objections to its receipt.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and COLLIN, JJ., concur.

Judgment reversed, etc.