RALSTON & HALTENHOF, INC., Plaintiff, v. WILLIAM H. REYNOLDS, Defendant.

Supreme Court, New York County, April —, 1929.

*Muller & Muller*, for the plaintiff.

*D. B. Tolins,* for the defendant.

COTILLO, J. Plaintiff moves under rule 113 for summary judgment. This is an action to recover the sum of $5,000 due under a written service contract between the plaintiff and the defendant. The contract provides for the preparation by the plaintiff of certain " necessary drawings setting forth the mechanical and engineering data " in connection with the defendant's proposed construction of a twenty-nine story hotel at the northeast corner of Forty-second street and Lexington avenue. The contract fixes the plaintiff's regular compensation at the aggregate sum of $15,000, payable in installments. In addition, the contract provides that in case the defendant " fails to proceed with the erection of the aforesaid hotel on the above-mentioned site within two years from the date of the completion of the plans " the defendant agrees to pay the plaintiff " an additional sum of $5,000." The said sum of $15,000 was paid, the last installment of $2,500 being evidenced by a check of the defendant William H. Reynolds, to the order of the plaintiff in the amount of $2,500 and by a receipt signed by L. T. M. Ralston, president of the plaintiff, setting forth the receipt of $2,500 and containing the statement: "Balance in full for engineering services, as per contract of April 26, 1927."

Besides the denials in the answer the defendant sets up a separate and distinct defense of full accord and satisfaction and discharge of the defendant of all obligations under and by virtue of the aforesaid contract. The alleged accord and satisfaction is based upon a change of mind on the part of the defendant concerning the construction of a hotel and the building of an office building instead, and the dissolution of the plaintiff corporation and an agreement by which Ralston and Haltenhof, the owners of the plaintiff corporation, were separately to submit plans for the new office building. This agreement is alleged by the defendant to have been the consideration for the releasing of the claims of the plaintiff corporation to the $5,000 due it under the contract.

Disregarding the alleged defense, in view of the affidavits submitted not only by the plaintiff but by the defendant, the plaintiff is clearly entitled to recover. The contract unequivocally provides that in addition to the strictly compensatory sum of $15,000, plaintiff was to receive an extra payment of $5,000 in the event defendant decided not to proceed with the construction of the hotel at any time within two years. The defendant admits in his answer and in his affidavit his failure to proceed with the building of the proposed hotel within two years and his obligation thereupon to pay the $5,000 matured, and there is no excuse offered for the refusal to pay except the alleged defense of accord and satisfaction.

This defense must fail. In the first place, there is no allegation

in the defense or proof in the affidavits that the claim was disputed and unliquidated, and in order to discharge an obligation by the payment of a lesser sum, there must either be a consideration or the obligation must have been honestly disputed and unliquidated. (*Mance* v. *Hossington*, 205 N. Y. 33; *Schnell* v. *Perlmon*, 238 id. 362.)

It is true that the check received was worded " balance in full of engineering services." But this amount was concededly due in any event, and no unliquidated and disputed counterclaim was asserted as an offset, as in *Schnell* v. *Perlmon* (*supra*). Besides, the $5,000 was not payable for engineering services, but as a liquidated bonus due under certain conditions which had arisen. It is fanciful in the highest degree to interpret the contract as to the $5,000 as ineffective, in the event of the sale of the property by the defendant. The plain language exonerates him only in the event of death.

It appearing that the plaintiff's claim is unliquidated, defendant's only alternative to sustain his alleged defense is to show a consideration for the alleged discharge of the $5,000 obligation. This he has failed to do. In view of the foregoing, plaintiff's motion for summary judgment must be granted. Settle order.