■ KINGMAN BASSETT, Appellant, v. ROBERT S. BASSETT, Respondent.— Judgment unanimously affirmed, with costs. Memorandum: We agree with the conclusion of Special Term that the amended complaint fails to state a cause of action but do not adopt its reasoning. Plaintiff and defendant were members of a partnership. Some years ago the partnership was dissolved (cf. *Bassett* v. *Bassett*, 27 A D 2d 704, mot. for lv. to app. den. 19 N Y 2d 583) and plaintiff received two checks for $20,000 and $21,093.98, respectively, representing repayment of his contribution of capital to the partnership and payment of his share of earnings and profits. Set forth on each check was a legend stating in substance that indorsement of the instrument would constitute a release of all claims arising out of plaintiff's interest in the partnership. Plaintiff refused to indorse the checks and brought this action the gravamen of which is that defendant by placing the restrictive legend on the checks had in effect converted the amounts of the checks. The pleading fails

to establish that plaintiff has been damaged. The amounts represented by the checks are concededly due plaintiff and it is familiar law that payment of an admitted liability is not payment of or consideration for an alleged accord and satisfaction of another and independent liability. (1 N. Y. Jur., Accord & Satisfaction, § 24; *Mance* v. *Hossington,* 205 N. Y. 33, 36; *Van Dyke Prods.* v. *Eastman Kodak Co.,* 16 A D 2d 366, 371–372, affd. 12 N Y 2d 301). If plaintiff may indorse and cash the checks without jeopardizing his right to pursue such other claims as he may have arising out of the partnership relation it follows that the amended complaint states no cause of action. (Appeal from judgment of Erie Trial Term granting motion to dismiss complaint.) Present — Bastow, P. J., Del Vecchio, Witmer and Henry, JJ.