■ JOHN HEMINGWAY et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Rose, J.), entered September 5, 1991 in Tioga County, which granted defendant's motion for summary judgment dismissing the complaint.

On November 19, 1989, plaintiffs' home suffered extensive damage from a fire. At that time, plaintiffs' home was insured for $152,000 pursuant to a homeowners extra insurance policy (hereinafter the policy) issued by defendant. Thereafter, plaintiffs retained King Brothers Builders to prepare a reconstruction cost estimate. Because of the wide discrepancy between this cost estimate and one submitted by defendant's appraiser, the parties began settlement negotiations which were ultimately unsuccessful. Pursuant to the dispute settlement procedure contained in the policy, the parties retained separate appraisers who were to independently appraise the replacement cost of plaintiffs' home, its actual cash value and the time needed to effectuate the repairs. The appraisers then selected First General Services of Southern New York, Inc. (hereinafter First General) as the umpire. Timothy Connolly, the general manager of First General, agreed to impartially perform all umpire duties. Following the submission of all appraisals, a written appraisal decision was executed which

determined, *inter alia,* that the house's replacement cost was $118,560 and that the repairs required six months for completion. Pursuant to that decision, defendant forwarded plaintiffs two checks in the amount determined by the appraisal decision. Plaintiffs then contacted Connolly to request that First General submit a bid for the reconstruction of their home.

Subsequently, however, plaintiffs commenced this action, principally alleging that the appraisal process was tainted due to Connolly's alleged lack of impartiality. Plaintiffs sought to receive the policy's full coverage limit of $154,000 for their loss. Following joinder of issue, defendant moved for summary judgment. Supreme Court ultimately granted defendant's motion. Plaintiffs now appeal the dismissal of their action.

There must be an affirmance. In our view, Supreme Court appropriately granted summary judgment to defendant. To support their claims of collusion and partiality with respect to Connolly's performance as umpire, plaintiffs offer only conclusory allegations which are insufficient to defeat a motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). For example, although plaintiffs ascribe sinister motives to Connolly's action in reducing the original award to reflect the potential tax savings that "might be available on the purchase of materials", plaintiffs have failed to counter defendant's proof that such a reduction is a generally accepted practice in the industry with proof that it is not. As a result, plaintiffs' proof failed to raise triable issues of fact sufficient to overcome the presumption of validity which attached to the appraisal process *(see, Gansevoort Holding Corp. v Palatine Ins. Co.,* 11 Misc 2d 518, 522, *affd without opn* 7 AD2d 720, *lv denied* 6 NY2d 705; *see also, Rose v Travelers Ins. Co.,* 118 AD2d 844, 845).

We agree with Supreme Court that plaintiffs' negotiation of defendant's checks following the resolution of the formal dispute process constituted a full accord and satisfaction of plaintiffs' claim despite the fact that no formal language to that effect was contained on the checks. This is not a situation where the parties' motive in advancing and negotiating a check is open to other interpretation *(see, e.g., Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590). Here, there is no question that there was a dispute between the parties as to the amount of the fire loss that was to be resolved by a final resolution process that all parties agreed to. Plaintiffs were fully aware of the appraisal process and the decision. Under these circumstances, plaintiffs cannot claim to be in ignorance of defendant's intentions to finally dispose of the matter when

it forwarded checks to them in the exact amount of the appraisal decision *(see, Landers v State of New York,* 56 AD2d 105, 108, *affd* 43 NY2d 784). Accordingly, we must conclude that plaintiffs' acceptance of the checks was a knowing acknowledgment of the disposal of their claim.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.