■ WILLARD A. GENRICH et al., Respondents-Appellants, v HOLIDAY LADY FITNESS CENTER, INC., et al., Defendants, and HEALTH INDUSTRIES, INC., Formerly KENNEBEC CONSOLIDATED MINING COMPANY, Appellant-Respondent. [629 NYS2d 352] —Order unanimously affirmed without costs. Memorandum: Plaintiffs are owners of a parcel in the Town of Amherst originally leased in 1969 to the predecessor to defendant Health Industries, Inc. (Health Industries) and occupied since by a succession of assignees who have operated health clubs on that site. The lease was for a 10-year term and provided for 10-year renewal periods at the tenant's option. Plaintiffs commenced this action against defendants for breach of the lease. As against Health Industries, plaintiffs seek recovery of rent and related charges for the second 10-year renewal period from August 1, 1989, through July 31, 1999. Plaintiffs allege that, by letter dated January 17, 1989, Health Industries exercised its option to renew for a second 10-year renewal period and thus became bound to pay annual rent plus taxes, assessments, and utility and insurance charges. In contrast, Health Industries contends that plaintiffs released it from further liability under the 1969 lease by the express terms of a 1984 "Modification and Assignment Agreement," and that the 1989 letter thus could not have effected a renewal of the lease between plaintiffs and Health Industries. Health Industries additionally contends that its vice-president, who signed the 1989 letter, lacked authority to renew the lease and that, in any event, the letter does not comply with the Statute of Frauds.

Based on those contentions, Health Industries moved for summary judgment dismissing the complaint against it. Plaintiffs cross-moved for partial summary judgment based on the 1989 renewal letter. Supreme Court denied the motion and cross motion, holding that there are triable questions of fact with respect to the proper interpretation of the contract and the intention of the parties. Health Industries appeals and plaintiffs cross-appeal.

We agree that there are triable questions of fact warranting denial of the motion and cross motion. The documents are ambiguous concerning what the parties intended by the series of leases, assignments, and modifications, and, in particular, whether Health Industries retained any right to exercise an option to renew following execution of the 1984 modification agreement. It is also for the trier of fact to determine whether Health Industries' vice-president had the authority to exercise the renewal option on behalf of the corporation. In the interest of judicial economy, however, we note that the exercise of an option is not subject to the requirements of the Statute of Frauds *(Kaplan v Lippman,* 75 NY2d 320, 324-325). (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.