■ GIMPER, INC., et al., Respondents, v MICHAEL GIACCHETTA et al., Appellants. [633 NYS2d 614] —Peters, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered December 1, 1994 in Saratoga County, upon a decision of the court in favor of plaintiffs.

In 1976, plaintiff G. David Clark, president and principal owner/founder of Gimper, Inc., a manufacturers' representatives agency, hired defendant Michael Giacchetta as a sales representative. Giacchetta was to work on a commission basis. The terms and conditions of Giacchetta's employment were set forth in a writing prepared by Gimper which was periodically amended during the term of his employment. While the original agreement did not contain a restrictive covenant, an addendum to that agreement, dated January 3, 1976, specifically detailed various sales accounts assigned to Giacchetta and further stated that "[i]f for any reason employment is terminated, you agree not to represent any of the above companies as a manufacturers['] representative for a period of one year".

At the request of Gimper, Giacchetta later formed MCB Enterprises, Inc., to which all commission payments were made. Pursuant to a second written addendum, signed by Clark and Giacchetta, all rights and responsibilities originally detailed in the employment agreement, as amended, now applied to MCB as well. On May 4, 1988, Giacchetta notified Clark that he was dissatisfied with his employment agreement and was terminating his employment. Thereafter Clark and Giacchetta signed another addendum to the employment agreement which provided as follows:

"If for any reason employment is terminated by [Giacchetta], [Giacchetta] will pay * * * CLARK 20% of the income a year for five (5) years on any lines [Giacchetta] represent[s] that were formerly represented by GIMPER. In addition, GIMPER agrees to waive the one year period which allows immediate representation.

"In consideration of quality service, it is agreed by GIMPER to offer [Giacchetta] an additional twenty (20) shares of GIMPER Stock at a price of 1/2 Book Value as of August 31, 1987. Should [Giacchetta] elect to leave GIMPER, [Gimper] agree[s] to purchase the stock back at 100% of Book Value August 31, 1989. From then on, it will be Book Value on August 31 of the year requested. In addition, [Giacchetta] agree[s] to give ninety (90) days notice for [his] intention."

Approximately two years later, Giacchetta resigned from Gimper to run MCB as his own manufacturers' representatives agency. Seven of Gimper's clients that Giacchetta represented independently transferred their accounts to MCB. Giacchetta then sought to sell back his Gimper stock as per their agreement and plaintiff offered to buy it for $8,300. Giacchetta agreed to this figure, subject to documentation. Clark ultimately sent Giacchetta a check in the amount of $8,300 which he cashed, warranting Giacchetta to return a signed stock certificate.

When Giacchetta refused to pay Clark 20% of the income he received on lines formally represented by Gimper, this action was commenced. It sought, *inter alia*, an accounting of all commissions earned by defendants as per the contract between them, which triggered defendants' counterclaim for, *inter alia*, an accounting to establish the proper book value for the repurchased Gimper stock. After a nonjury trial, Supreme Court found in favor of plaintiffs. Defendants appeal.

Unlike the original covenant not to compete contained in the parties' employment agreement, we do not find the contract provision as amended to be a restrictive covenant which gener-

ally engenders judicial disfavor due to " 'powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood' " (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499, quoting *Purchasing Associates. v Weitz*, 13 NY2d 267, 272). The provision at issue here reflects a fair and reasonable negotiated contract between two sophisticated business people which decidedly does not limit, curtail or restrict defendants from actively competing with plaintiff in their pursuit of their manufacturers' representative business (*see, Cliff v R.R.S., Inc.*, 207 AD2d 17). Testimony revealed that the result of such provision could, in fact, yield more in commissions to defendants even after deducting the 20% owed plaintiff. The record further reflects that Clark hired Giacchetta 14 years earlier when he had no experience in the business, trained him extensively, entered into a purchase agreement with Giacchetta upon his death or disability, and that Giacchetta's entire knowledge of this business was by virtue of the position and accounts he obtained while with Gimper. Since the noncompete clause was waived when the May 1988 addendum was executed and there remains no issue as to the adequacy of consideration (*see*, General Obligations Law § 5-1103), we find such provision to be fully enforceable.

As to defendants' contention that only MCB is liable if the employment agreement is enforceable, we find such issue improperly preserved for our review (*see, David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787, 788). Similarly unavailing is defendants' contention that an accounting is necessary to determine the value of the Gimper stock. The record reflects considerable discussion and correspondence relating thereto and that notwithstanding defendants' request for documentation, there was an acceptance of the tendered amount when Giacchetta cashed the check and returned the stock certificates without protest. Thus, we find Supreme Court to have correctly determined the existence of a de facto accord and satisfaction (*see, Hemingway v State Farm Fire & Cas. Co.*, 187 AD2d 814, 815-816).

The judgment of Supreme Court is affirmed in its entirety.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.