■ P.K. Development, Inc., Appellant, v Elvem Development Corp., Respondent. [640 NYS2d 558] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 6, 1995, which granted defendant's motion for summary judgment to rescind the contract between the parties, and denied plaintiff's cross-motion for summary judgment, unanimously reversed, on the law, with costs, defendant's motion for summary judgment is denied and plaintiff's cross-motion for summary judgment for breach of contract is granted.

This dispute concerns a contract for sale of a residential cooperative unit between plaintiff, a corporation that buys, owns and resells such units, and defendant corporation that, at the time in question, owned an unspecified number of occupied and unoccupied residential units in a building known as Hampton Court.

It is undisputed that at the time of the contract, in August

1993, the parties were under the impression that the subject apartment was occupied by a tenant whose lease and tenancy were protected by the rent stabilization laws and regulations. Subdivision nineteen of the rider to the agreement specified that the purchase was subject to this tenancy and enumerated certain restrictions imposed on the purchaser by virtue of such tenancy. It is also undisputed that the purchase price of $4,000 reflected that the unit was occupied: according to both parties, a similar, unoccupied unit might sell for as much as $40,000. Pursuant to the agreement, plaintiff paid $400 to defendant as a deposit. The contract provided for a closing no later than October 10, 1993.

Although plaintiff tendered the balance of the purchase price on October 21, 1993, defendant would not convey the shares for the unit. By letter of that date, defendant asserted that the contract was subject to rescission because of a mutual mistake, and that without an adjustment in the purchase price defendant would not close. While the letter did not specify the reason, it is undisputed that, prior to that date, it was discovered that the unit was in fact unoccupied (apparently the tenant had died) and had been *even before the contract was executed.* The record does not specify how or when this discovery was made, or when the tenant died.

Plaintiff instituted an action for specific performance and breach of contract, seeking the fair market value of the now unoccupied unit. Defendant moved for summary judgment to rescind the contract or, in the alternative, to reform the contract to increase the purchase price. Plaintiff cross-moved for summary judgment solely for breach of contract, abandoning its claim for specific performance because the contract precluded such relief. The IAS Court denied plaintiff's cross-motion but granted summary judgment to defendant, rescinding the contract on the theory that, when executed, the parties had operated under a mutual mistake of fact that was fundamental to the contract, i.e., the occupancy of the unit.

Plaintiff, not defendant, was entitled to summary judgment. While mutual mistake will justify rescission where the mistake exists at the time the contract is entered into and the mistake is substantial (*Matter of Gould v Board of Educ.*, 81 NY2d 446; *Coffin v City of Brooklyn*, 116 NY 159), it may not be invoked by a party to avoid the consequences of its own negligence (*Da Silva v Musso*, 53 NY2d 543, 552; *Vandervort v Higginbotham*, 222 AD2d 831, 832). In this case, defendant's negligence, or "[c]onscious ignorance," regarding the actual occupancy of the unit bars rescission; as owner of the unit in question, defen-

dant, in the exercise of ordinary care, should have known or could easily have ascertained whether the unit was occupied (Restatement [Second] of Contracts § 154, comment *c*; *In re Schenck Tours*, 69 Bankr 906, 914 [ED NY], *affd on opn below* 75 Bankr 249 [ED NY]; *Da Silva v Musso*, 53 NY2d, *supra*, at 551). Such confirmation would hardly have been onerous: a simple phone call or inspection would have sufficed. Even where a party must go beyond its own efforts in order to ascertain relevant facts (such as obtaining experts' reports), courts have held that the party must bear the risk of mistake if it chooses to act on its otherwise limited knowledge (*see, e.g., In re Schenck Tours, supra*).

Because defendant should have taken such steps in the exercise of ordinary care, in reaching our decision we do not rely on plaintiff's claim that defendant should have known that the tenancy of this particular unit was in jeopardy. According to plaintiff, almost two months prior to the contract defendant's broker recommended the purchase to plaintiff because of the tenant's failing health and the expectation that the unit might become vacant relatively soon.

Moreover, if defendant intended to sell the apartment only if it were occupied, the contract should have made this explicit. Vacancy may occur for any number of reasons, with or without notice. The law is clear that a party will not be relieved of its contractual obligations on the basis of an intervening contingency when it would have been "reasonable" to provide for such contingency in the contract (*Raner v Goldberg*, 244 NY 438). The mere fact that one of the many provisions in the rider refers to the unit's tenant (in form language) is not sufficient for this purpose; in fact, a footnote to that paragraph provides for the possibility that the unit may be vacant. That both parties assumed there was a tenant is not the same as making the tenancy an express condition of the sale. Absent such express provision, the risk of mistake (with respect to occupancy) is allocated to defendant because, as owner of the unit and, presumably, drafter of the contract, it is "reasonable in the circumstances to do so" (Restatement [Second] of Contracts § 154 [c]). The failure of events to develop or continue as expected—no matter how well-founded the expectation (*see, Raner v Goldberg, supra*)—does not entitle the disappointed party to rescission or avoidance of the contract. Accordingly, plaintiff's cross-motion for summary judgment for breach of contract should have been granted. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.