■ MITER REALTY CORP., Appellant, v AT&T COMMUNICATIONS, INC., Respondent. [649 NYS2d 285] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This is a dispute over the interpretation of the restoration and removal provi-

sions of a lease between plaintiff landlord and defendant tenant. Plaintiff seeks damages of $860,000 for defendant's alleged breach of those provisions, as set forth in the October 26, 1989 lease agreement and/or in November 1989 letters allegedly modifying the lease. Plaintiff appeals from an order insofar as it denied its motion under CPLR 3211 to dismiss six affirmative defenses and under CPLR 3212 for partial summary judgment on the issue of liability. Plaintiff contends that the affirmative defenses are lacking in merit and that, as a matter of law, defendant breached its restoration and removal obligations.

Supreme Court should have granted in part plaintiff's motion and dismissed the second and third affirmative defenses, which allege accord and satisfaction and compromise and settlement. Those defenses are based on defendant's tender of a check for $383,343.75, the amount due under the liquidated rent provision of the lease. That tender did not effect a settlement or satisfaction because there was no meeting of the minds. Plaintiff immediately notified defendant that it rejected defendant's attempt to settle the dispute by tender of that check. Moreover, aside from the lack of mutuality, a settlement or satisfaction was not effected because defendant did not tender an alternative performance. An accord and satisfaction must be founded upon new and valuable consideration (*see, Mance v Hossington*, 205 NY 33, 36; *see generally, Jaffray v Davis*, 124 NY 164, 167-171). Where there are different claims, one disputed and unliquidated and one undisputed, payment of the undisputed liability is not consideration for an alleged accord and satisfaction of the independent disputed liability (*see, Mance v Hossington, supra*, at 36; *Lotito v Mazzeo*, 132 AD2d 650, 651; *Van Dyke Prods. v Eastman Kodak Co.*, 16 AD2d 366, 371-372, *affd* 12 NY2d 301). Because defendant tendered only the amount owed for early termination of the lease, and not any new or substitute performance, that tender cannot be deemed sufficient consideration for the settlement or satisfaction of any amount owed as a result of the alleged breach by defendant of its restoration and removal obligations.

That part of plaintiff's motion seeking partial summary judgment on the issue of liability was properly denied. Insofar as plaintiff claims that defendant is obligated to restore the premises by the terms of paragraph 10 (e) of the lease, we conclude that the lease agreement is clear and unambiguous and does not support plaintiff's interpretation. Under the lease, "Alterations" is defined as "changes, alterations, additions or improvements to the Premises." Also under the lease, "Prem-

ises" is defined as the "land * * * with the appurtenances thereon * * * and, when constructed, the building and other improvements to be constructed thereon by the Landlord." In view of those definitions, defendant did not make "Alterations" to the "Premises," i.e., to the building following construction. The only changes were made by plaintiff before or during construction, as a result of the parties' mutual agreement to change the design of the building. Nonetheless, there are triable questions of fact with respect to whether defendant breached its obligation under the lease to remove its property.

Plaintiff also claims that the parties modified the October 26, 1989 lease by their exchange of letters in November 1989, and that defendant thereby assumed the obligation to restore the building to its original design. With respect to that claim, there are triable questions of fact precluding summary judgment. Plaintiff's November 3, 1989 letter arguably supports plaintiff's interpretation that plaintiff consented to the design changes requested by defendant on the condition that the building be restored to its original design upon termination of the lease. Defendant's November 6, 1989 letter is ambiguous with respect to whether defendant impliedly consented to that condition when it directed plaintiff to proceed with the design changes. Thus, there are triable questions of fact concerning the parties' intent, whether there was a modification, and whether, by that modification, defendant assumed the cost of restoring the premises to their original design (cf., First Natl. Bank v Volpe, 217 AD2d 967, 968; Genrich v Holiday Lady Fitness Ctr., 216 AD2d 897). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.