■ Rox Riv 83 Partners, Appellant, v Thomas Ettinger et al., Respondents. [658 NYS2d 405] —In an action to recover rents allegedly due, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated February 16, 1996, as denied its motion for summary judgment and granted that branch of the defendants' cross motion which was to dismiss the complaint on the ground of accord and satisfaction.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendants' cross motion which was to dismiss the complaint on the ground of accord and satisfaction and substituting

therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff landlord brought this action to recover rents allegedly due on two apartments for the period from July 1988 to September 1991. The plaintiff moved for summary judgment and the defendants cross-moved to dismiss the complaint on the grounds that process was not properly served on the defendant Margaret Ettinger and that the acceptance of payment of rents due for October 1994 constituted an accord and satisfaction. The Supreme Court dismissed the complaint on the ground that the plaintiff had accepted two checks, one for each apartment, which carried endorsements indicating that the checks constituted full payment of any outstanding rent and settlement of any past or pending rent suits by the landlord. In light of its determination on the issue of accord and satisfaction, the court expressly declined to consider the contention regarding defective service of process.

We conclude that there was no accord and satisfaction. Where there are different claims between the parties, one disputed and the other undisputed, acceptance of payment of the undisputed claim does not constitute an accord and satisfaction of the disputed claim (see, Manse v Hossington, 205 NY 33, 36; Miter Realty Corp. v AT&T Communications, 233 AD2d 862; City of New York v New York Tel. Co., 108 AD2d 372; Van Duke Prods. v Eastman Kodak Co., 16 AD2d 366, affd 12 NY2d 301; see also, 19 NY Jur 2d, Compromise, Accord, and Release, § 13). Here, although the checks carried endorsements indicating that the checks constituted full payment of any outstanding rent and settlement of any past or pending rent suits by the landlord, the checks also clearly indicated that they were tendered in payment of rents due for October 1994. The defendants did not dispute the plaintiff's statement that each check was in the amount of rent due for October 1994 for the apartment indicated on the check. There is no indication in the record that the amount of rent due for October 1994 was in dispute. Acceptance of the defendants' payment of rent undisputedly due for October 1994 therefore did not constitute an accord and satisfaction of the plaintiff's disputed unliquidated claim for arrears from the earlier period (see, Manse v Hossington, supra; Miter Realty Corp. v AT&T Communications, supra). Although the plaintiff goes so far as to request summary judgment in their favor on the complaint, there are issues of fact

regarding the amount of rents due. We therefore remit the matter to the Supreme Court for further proceedings, including resolution of the defendants' contention that process was not properly served. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.