■ DYNAMIC MEDICAL COMMUNICATIONS, INC., Respondent, v NORWEST TRADE PRINTERS, INC., et al., Appellants. [685 NYS2d 19] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered February 26, 1998, which, *inter alia*, denied defendants' motion for summary judgment dismissing the amended complaint, or, in the alternative, for a protective order, unanimously affirmed, without costs.

The IAS Court properly denied defendants' motion for summary judgment dismissing the complaint in light of factual issues as to whether plaintiff exercised its option to renew the subject agreements. While defendants challenge the validity of plaintiff's purported oral renewal on the ground that renewal, to be effective, had to be in writing, the law is well settled that

"[i]t is the execution of the option agreement, and not the exercise of the option, that is controlling with respect to the application of the Statute of Frauds" (*Kaplan v Lippman*, 75 NY2d 320, 324; *see also, Genrich v Holiday Lady Fitness Ctr.*, 216 AD2d 897, 898). The Statute of Frauds, then, does not bar enforcement of an oral option exercise where, as here, the underlying option agreement is written and signed by the party to be charged, and "[o]nce the optionee gives notice of his intent to exercise the option in accordance with the agreement, the unilateral option agreement ripens into a fully enforceable bilateral contract" (*Kaplan v Lippman*, 75 NY2d, *supra*, at 325).

The IAS Court also correctly found that the subject agreements do not contain unlawful covenants not to compete since the agreements were commercial contracts between business entities, rather than employment agreements, and the clause in question was reasonably limited in duration, did not restrict defendants from competing with plaintiff for printing jobs, and did not even completely bar them from soliciting plaintiff's customers. The restriction, then, reasonable as to both time and scope, is enforceable (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499; *Chernoff Diamond & Co. v Fitzmaurice, Inc.*, 234 AD2d 200, 201-202; *Gimper, Inc. v Giacchetta*, 221 AD2d 682, 683-684).

Defendants' alternative request for a protective order against the discovery and inspection of their customer lists and sales data was also appropriately denied, their conclusory claim that plaintiff seeks disclosure of trade secrets being insufficient in these circumstances to overcome the well-established preference for liberal discovery (*see,* CPLR 3101 [a]; *Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance*, 226 AD2d 175; *Matter of New York County DES Litig.*, 171 AD2d 119, 123). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.