■ Rose Inn of Ithaca, Inc., et al., Appellants-Respondents, v Great American Insurance Company, Respondent-Appellant. [905 NYS2d 318]—

Mercure, J. Cross appeals from an order of the Supreme Court (Garry, J.), entered March 11, 2009 in Tompkins County, which, among other things, partially granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs Charles Rosemann and Sheryl Rosemann are the sole shareholders and owners of plaintiff Rose Inn of Ithaca, Inc., which operated a country inn. After a substantial portion of the inn was destroyed in a 2004 fire, plaintiffs made a claim

under their insurance policy, which was issued by defendant. Because plaintiffs decided not to rebuild the inn, the policy entitled them to the actual cash value of the loss.

The claim negotiations were conducted on plaintiffs' behalf by Charles Rosemann (hereinafter Rosemann), who had decades of experience in the hospitality industry and had negotiated a prior insurance claim involving a fire at the inn. In that role, Rosemann dealt regularly with the independent adjuster to assess the degree of damage to the inn and, after receiving the preliminary estimate of the damage, contended that over 200 items in it required revision. Rosemann raised a number of issues with regard to the revised estimate as well, and his efforts resulted in a final estimate of property damage that was almost $250,000 higher than the preliminary one. He also negotiated with defendant, rejecting multiple settlement offers and arguing that the extant portion of the inn was a total loss.[1] After several months of these extensive discussions, the claim was settled for the actual cash value of those parts of the inn that had been destroyed, leaving unresolved only the issue of whether plaintiffs were entitled to replacement costs for the surviving portion of the inn.

Plaintiffs thereafter commenced this action asserting two breach of contract claims, the first alleging that defendant omitted items from its calculation of actual cash value, and the second contending that defendant should have determined that the surviving portion of the inn was a total loss and awarded plaintiffs its actual cash value as well. Defendant answered and raised the affirmative defense of accord and satisfaction. Plaintiffs subsequently moved for partial summary judgment on the first claim insofar as it related to architectural and engineering fees omitted from the calculation of actual cash value, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion as to the issue of liability on the first claim, and granted defendant's cross motion to the extent of dismissing the second claim. Defendant appeals.[2]

We agree with defendant that the first claim should have

---

**1.** Defendant's claims adjuster stated that Rosemann rejected the first settlement offer of $3,964,035 and demanded $4,150,720. Defendant agreed to pay that amount two weeks later, but Rosemann again declined to settle, citing ongoing concerns with the damage estimate. After those issues were resolved, the final settlement value was over $4.3 million.

**2.** Plaintiffs appealed from Supreme Court's order as well, but seek only its affirmance in their brief. Accordingly, we deem their appeal to have been abandoned (see Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello, 24 AD3d 1069, 1071 n 1 [2005]).

been dismissed in its entirety, and modify Supreme Court's order accordingly. As defendant asserts, an accord and satisfaction is effected when "the parties . . . enter into a new contract wherein they agree that a stipulated performance will be accepted in the future, in lieu of an existing claim" (*Altamuro v Capoccetta*, 212 AD2d 904, 904 [1995], *lv denied* 85 NY2d 808 [1995]; *see Environmental Prods. & Servs. v Consolidated Rail Corp.*, 285 AD2d 700, 702 [2001]). That is, an accord and satisfaction requires a "dispute as to the amount due and knowing acceptance by the creditor of a lesser amount" (*Consolidated Edison Co. of N.Y. v Jet Asphalt Corp.*, 132 AD2d 296, 303 [1987]; *see Marine Midland Bank v Scallen*, 161 AD2d 103, 105 [1990]). Inasmuch as an accord and satisfaction constitutes a contract, it must be shown that the parties set forth the essential elements thereof and had a meeting of the minds to resolve the disputed claim (*see Sorrye v Kennedy*, 267 AD2d 587, 589 [1999]; *Altamuro v Capoccetta*, 212 AD2d at 905).

Here, the relevant facts are not in dispute. The adjuster who handled plaintiffs' claim for defendant stated in deposition testimony that the architectural and engineering fees incurred in the rebuilding of a structure are a component of replacement cost. She also acknowledged that replacement cost is reduced by depreciation to arrive at the actual cash value of a stucture. Nevertheless, the adjuster omitted the architectural and engineering fees from the final settlement amount because plaintiffs decided not to rebuild the inn. Rosemann asserted that he was unaware that defendant did not intend to pay the fees. Long before accepting the settlement amount, however, Rosemann had questioned whether the fees should be included in the estimate that became the basis for the final calculation of replacement cost. Although the dispute over the fees evidently was not expressly resolved, plaintiffs nonetheless accepted the settlement. As such, there was no "mistake as to matters that were not within the contemplation of the parties" that would permit plaintiffs to avoid the creation of an accord and satisfaction (13-70 Corbin on Contracts § 70.14 [2010]). Inasmuch as plaintiffs elected to accept the settlement without asserting their current claim that they were entitled to an additional amount representing the architectural and engineering fees, the settlement gave rise to an accord and satisfaction (*see Gimper, Inc. v Giacchetta*, 221 AD2d 682, 684 [1995]; *Hemingway v State Farm Fire & Cas. Co.*, 187 AD2d 814, 815-816 [1992]; Restatement [Second] of Contracts § 154; *cf. Sabbagh v Pantano*, 170 AD2d 411, 412 [1991]; *Ginsburg v Equitable Life Assur. Socy. of U.S.*, 254 App Div 445, 447 [1938], *lv denied* 279 NY 810 [1939]).

Plaintiffs' remaining claims for damages, arising from items

allegedly omitted or undervalued in the final calculation of actual cash value, are similarly barred by accord and satisfaction. As with the above fees, while Rosemann stated that he did not know that sales tax was omitted from the calculation of replacement cost, the record reveals that he inquired about the inclusion of the tax prior to settling the claim. Plaintiffs further complain that the valuation of unit costs in the settlement was too low, but Rosemann had affirmatively challenged those costs prior to settling the claim. Finally, plaintiffs concede that damages for additional tear-out and removal costs are unavailable given the dismissal of the second claim.

Cardona, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's cross motion for summary judgment; cross motion granted in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.