**ACA GALLERIES, INCORPORATED, a/k/a ACA American Masters, Inc., Plaintiff–Appellant,**

v.

**Joseph A. KINNEY, Defendant– Appellee.[*]**

**No. 13–1099–cv.**

United States Court of Appeals, Second Circuit.

Jan. 15, 2014.

* The clerk of the court is directed to amend the caption to conform with the listing of the parties above.

Daniel A. Fried (Susan R. Nudelman, on the brief), Law Office of Susan R. Nudelman, Dix Hills, NY, for Appellant.

Zara Watkins, New York, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

ACA Galleries, Inc. appeals from the February 25, 2013 judgment and February 21, 2013 opinion and order of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge* ), granting Joseph Kinney summary judgment and denying ACA's motion for summary judgment. We assume the parties' familiarity with the facts and issues raised on appeal.[1]

It is uncontested that ACA made out a *prima facie* case of mutual mistake under New York law. *See Gould v. Bd. of Ed. of Sewanhaka High Sch. Dist.*, 81 N.Y.2d 446, 453, 599 N.Y.S.2d 787, 616 N.E.2d 142 (1993). However, ACA cannot obtain rescission because of its failure to investigate the authenticity of the painting at issue. *See, e.g., P.K. Dev. v. Elvem Dev. Corp.*, 640 N.Y.S.2d 558, 226 A.D.2d 200, 201 (1st Dep't 1996). Although Kinney ensured the availability of the Milton & Sally Avery Arts Foundation to inspect and authenticate the painting prior to its sale, ACA instead elected to ask the Foundation to inspect the painting following its purchase. ACA was aware that its self-conducted pre-purchase inspection provided it with "only limited knowledge with respect to the facts to which the mistake relates but treat[ed its] limited knowledge as sufficient." Restatement (Second) of Contracts § 154(b); *see also Rose Inn of Ithaca, Inc. v. Great American Ins. Co.*, 75 A.D.3d 737, 739, 905 N.Y.S.2d 318 (3d Dep't 2010). Moreover, ACA was aware that an authentication by the Foundation "would make the painting more saleable at a higher price." Bergen Aff. ¶ 9. ACA could have accepted the higher price that accompanies certainty of authenticity, but chose instead to accept the risk that the painting was a forgery. The contract is not voidable merely because the consciously accepted risk came to pass.

ACA's arguments about Kinney's title are waived; we decline to consider them in light of the facts of this case, in which the record reflects no dispute as to ACA's lawful claim to the painting. We have considered all of ACA's arguments and find them to be without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**

---

1. The standard of review is neither contested nor determinative. *Lederman v. NYC Dep't of* *Parks and Recreation*, 731 F.3d 199, 202 (2d Cir.2013).