13-1099-cv
ACA Galleries, Inc. v. Joseph A. Kinney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

---

ACA GALLERIES, INCORPORATED, a/k/a
ACA American Masters, Inc.

*Plaintiff - Appellant,*

-v.-                                                     No. 13-1099-cv

JOSEPH A. KINNEY,

*Defendant - Appellee.*[*]

---

[*] The clerk of the court is directed to amend the caption to conform with the listing of the parties above.

FOR APPELLANT:    DANIEL A. FRIED, (Susan R. Nudelman, *on the brief*), Law Office of Susan R. Nudelman, Dix Hills, NY.

FOR APPELLEE:    ZARA WATKINS, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

ACA Galleries, Inc. appeals from the February 25, 2013 judgment and February 21, 2013 opinion and order of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*), granting Joseph Kinney summary judgment and denying ACA's motion for summary judgment. We assume the parties' familiarity with the facts and issues raised on appeal.[1]

It is uncontested that ACA made out a *prima facie* case of mutual mistake under New York law. *See Gould v. Bd. of Ed. of Sewanhaka High Sch. Dist.*, 81 N.Y.2d 446, 453 (1993). However, ACA cannot obtain rescission because of its failure to investigate the authenticity of the painting at issue. *See, e.g., P.K. Dev. v.*

---

[1] The standard of review is neither contested nor determinative. *Lederman v. NYC Dep't of Parks and Recreation*, 731 F.3d 199, 202 (2d Cir. 2013).

*Elvem Dev. Corp.*, 226 A.D.2d 200, 201 (1st Dep't 1996).  Although Kinney ensured the availability of the Milton & Sally Avery Arts Foundation to inspect and authenticate the painting prior to its sale, ACA instead elected to ask the Foundation to inspect the painting following its purchase.  ACA was aware that its self-conducted pre-purchase inspection provided it with "only limited knowledge with respect to the facts to which the mistake relates but treat[ed its] limited knowledge as sufficient."  Restatement (Second) of Contracts § 154(b); *see also Rose Inn of Ithaca, Inc. v. Great American Ins. Co.*, 75 A.D.3d 737, 739 (3d Dep't 2010).  Moreover, ACA was aware that an authentication by the Foundation "would make the painting more saleable at a higher price."  Bergen Aff. ¶ 9. ACA could have accepted the higher price that accompanies certainty of authenticity, but chose instead to accept the risk that the painting was a forgery. The contract is not voidable merely because the consciously accepted risk came to pass.

ACA's arguments about Kinney's title are waived; we decline to consider them in light of the facts of this case, in which the record reflects no dispute as to ACA's lawful claim to the painting.  We have considered all of ACA's arguments and find them to be without merit.

3

For the reasons stated above, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk