## (March 8, 1962)

■ NORTHERLY CORP., Respondent, v. HERMETT REALTY CORPORATION et al., Appellants, et al., Defendant.— In this action for ejectment, plaintiff landlord claims that defendants violated the covenant, in a 21-year lease, against subletting without the written consent of the landlord. The second defense alleges that the landlord has permanently waived and nullified the covenant by the acceptance of rent knowing of subletting without the written consent of the landlord. In the fourth defense, defendants allege that plaintiff is estopped from contending that defendants may not sublet without written consent of the landlord because (1) of representations made that the covenant would not be enforced, (2) of encouragement by the landlord's predecessor to spend large sums of money to convert the building into a multiple dwelling in order to sublet parts of it, and (3) of the acceptance of rent for over 30 years with full knowledge that parts of the building were being sublet without the landlord's prior written consent. The counterclaim seeks reformation of the lease so as to conform it to the intention of the parties not to require the tenant to obtain the prior written consent of the landlord in order to sublet the apartments and store. The second defense of waiver is insufficient in law. Even if there had been a waiver of the breach of the covenant against subletting, the landlord's consent to prior sublettings does not constitute a waiver as to future breaches. The action is based upon breaches occurring after notice by the landlord that it would insist upon full performance of all covenants, including the provision against subletting without the written consent of the landlord. However, the facts upon which defendants rely to support a waiver, are together

with other facts, pleaded in the fourth defense of estoppel. That defense should have been permitted to stand. The fourth defense sufficiently alleges the elements of an estoppel *in pais* since it asserts that defendants were induced to change their position in reliance on the representations of plaintiff's predecessor in interest. (See *Smith* v. *Rector, etc., of St. Philip's Church*, 107 N. Y. 610, 619.) Appellants' counterclaim seeking reformation and a declaratory judgment is barred by the Statute of Limitations. The instrument sought to be reformed is the lease executed on or about May 14, 1941. Such an action is governed by the 10-year Statute of Limitations provided in section 53 of the Civil Practice Act. The statute in this case began to run when the lease was delivered. Defendants concede that they knew the clause was contained in the lease. The opportunity to act in regard to it arose on delivery. Hence, both the causes for reformation and for declaratory judgment would be barred by the 10-year statute. The counterclaim was therefore properly dismissed. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.