In the Matter of ANDRESEN & Co. et al., Appellants, *v.* SEYMOUR L. SHEPARD et al., Individually and as Executors of GUSSIE SHAPIRO, Deceased, Respondents.

First Department, October 29, 1974.

*Kenneth A. Raskin* of counsel (*Martin P. Unger* with him on the brief; *Beekman & Bogue,* attorneys), for appellants.

*Arthur K. Ash* for respondents.

STEUER, J. The petition seeks a stay of arbitration on the ground that the claims sought to be arbitrated are barred by limitations of time. The law governing this situation is admirably clear and any confusion arising from interpretations should be laid to rest. In this case the agreement to arbitrate is conceded and found in a customer's agreement to open a stock brokerage account. No controversy existed at the time of making the agreement so, beyond dispute, this is an agreement to arbitrate any controversy that may arise in the future. The point is emphasized for reasons that will shortly appear.

CPLR 7502 (subd. [b]) reads: "If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 or subdivision (b) of section 7511."

CPLR 7503 (subd. [b]) referred to in CPLR 7502 (subd. [b]) limits the right of a party to make the application for a stay to one who has not participated in the arbitration nor has served or been served with an application to compel arbitration. In the pending matter the moving parties have not participated in the arbitration, nor has a motion to compel arbitration been served by or on them.

It therefore appears that no exception in the statute bars the application and its plain mandate must be followed. That mandate is for the court to decide whether the claim is or is not time barred. It is true that in the instant matter the decision will not be simple, as arguable questions are present as to what statute applies. But the statute does not excuse the court from deciding the issue because difficult questions of fact or law may be present. Nor can it be maintained that the broad terms of the arbitration agreement make this question one for the arbitrators. Firstly those terms do not specifically include the question of limitations, and the fact that the statutory authorization for arbitration makes the court the proper forum interprets the clause otherwise. Of course, a party may by inaction or participation transfer the jurisdiction to the arbitrators, but not in advance of the submission. In view of the statute it would be an interesting question, by no means clear, if the

agreement to arbitrate specifically gave to the arbitrators the power to decide in the first instance on limitations, whether this would in any way affect the statute.

The oft-cited, and frequently miscited, *Matter of Cohen* (17 A D 2d 279) is not to the contrary. In that case the parties were engaged in a lawsuit. In lieu of proceeding with the action they agreed to submit to arbitration. As the comprehensive opinion of EAGER, J., points out, such an agreement is not embraced in the CPLR sections (then Civ. Prac. Act, § 1458) because such an arbitration needs neither notice to arbitrate nor demand for arbitration. It might be added that the making of such an agreement is in reality participation in the arbitration and hence outside of the statute.

The judgment, Supreme Court, New York County (QUINN, J.) entered July 5, 1974, should be reversed on the law with costs and the petition remanded to Special Term to determine, either upon the papers, or upon a hearing if such is deemed necessary, what Statute of Limitations is applicable to the claims made and whether under said statute the claims are or are not time barred, and to make the appropriate disposition on the finding made.

MARKEWICH, J. P., KUPFERMAN, TILZER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 5, 1974, unanimously reversed, on the law, and the petition remanded to Special Term to determine, either upon the papers, or upon a hearing if such is deemed necessary, what Statute of Limitations is applicable to the claims made and whether under said statute the claims are or are not time barred, and to make the appropriate disposition on the finding made. Appellants shall recover of respondents $40 costs and disbursements of this appeal.