## (December 18, 1979)

■ In the Matter of CHARLES SCHLAIFER et al., Respondents, v VICTOR SEDLOW, Appellant.—Judgment, Supreme Court, New York County, entered August 16, 1978, granting petitioners' application for a permanent stay of arbitration, unanimously modified, on the law, with costs and disbursements, to the extent of staying arbitration of Sedlow's claims for fiscal years ending more than six years prior to February 24, 1978, and, except, as thus modified, affirmed. Sedlow sought arbitration of claims arising from a

contract of employment which he signed on April 1, 1964 with the petitioner corporation, an advertising agency. The employment was for a period of two years ending April 30, 1966. Two other individuals, former partners of Sedlow in another advertising agency, received contracts at the same time, also due to expire in two years. All three entered into a contemporaneous stock subscription agreement with their new employer which provided for the issuance of shares of company stock to the employees, to be repurchased by the company at the end of the two years' employment period. Both agreements contained broad arbitration clauses. The company never issued the stock. After the two years all three continued in petitioner's employ, and neither an accounting of company's profits nor payment on the stock was made to the employees. In February, 1966, one month before the expiration of his employment agreement, Sedlow's salary was raised from $25,000 to $31,200. The salary stayed at that level until Sedlow's resignation from the company in October, 1977. Kaiser resigned in February, 1974, and demanded arbitration of his claim for a percentage of the company profits, based on the stockholder and employment agreements. At the conclusion of the proceedings to interpret the arbitration clause the court determined that the agreements should be construed as providing for deferred compensation and the renewal of employment on a year-to-year basis. Consequently, it stayed arbitration of only those claims for fiscal years ending more than six years prior to the demand for arbitration. (*Matter of Schlaifer v Kaiser,* 84 Misc 2d 817, affd on the opn of Fein, J., 50 AD2d 749.) The company thereafter settled with Kaiser. A similar claim by Temple was also settled after his resignation. In October, 1976, after a conversation with Charles Schlaifer, president of the company, in which Schlaifer voiced anguish at the Kaiser and Temple claims, and inquired as to Sedlow's intentions, Sedlow told Schlaifer that he would "do nothing", believing that any other answer would have made his position "untenable." Sedlow then signed a release and was given a check for $5,000. He resigned his position a year later, in October, 1977. On February 22, 1978, Sedlow sought arbitration, demanding 5% of the company profits from April 1, 1964 to October 14, 1977, as well as stock certificates representing 5% of its common stock. Schlaifer and the company then petitioned for a stay, which was granted by Special Term. The court found that "the general release signed by [Sedlow] acts to cancel the prior existing agreement to arbitrate", and that any claim of duress was not a matter for the arbitrator but was "properly the subject of an action to set aside the release." "The rule would now seem to be settled that subsequent acts or documents purporting or claimed to terminate an agreement containing a broad arbitration clause, if in dispute, raise issues for the arbitrators and not for the court". (*Matter of Stein-Tex, Inc. [Ide Mfg. Co.],* 9 AD2d 288, 289.) The situation presented here is distinguishable from the facts in *Matter of Minkin (Halperin)* (279 App Div 226, affd 304 NY 617), the case relied upon by petitioners. There, the arbitration agreement itself had been canceled by the parties, but one of the signatories raised the issue of fraud in the inducement of the cancellation as justification for reviving the agreement. In such a situation the court is the appropriate forum for determining the efficacy of the agreement because "Arbitration presupposes the existence of a contract to arbitrate." (*Matter of Finsilver, Still & Moss v Goldberg, Maas & Co.,* 253 NY 382, 389.) The parties have agreed to arbitrate and no issue of cancellation exists. The only issue is the effect of a release that Sedlow claims he signed under duress, which is an issue reserved for the arbitrators. However, the initial determination of whether a claim is time barred is for the court. (*Matter of*

*Andresen & Co. v Shepard,* 45 AD2d 578.) Sedlow's claims for fiscal years ending more than six years prior to February 24, 1978, the date of his demand for arbitration, are barred by the Statute of Limitations. Concur—Murphy, P. J., Kupferman, Fein, Sullivan and Ross, JJ.