■ In the Matter of the Arbitration between DOUGLAS M. ALLEN, Appellant, and FIRST WALLSTREET SETTLEMENT CORPORATION, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Graves, J.), entered September 19, 1986 in Schenectady County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties and granted respondent's cross motion for an order compelling petitioner to proceed with arbitration.

Respondent is a stock brokerage firm. Petitioner was a customer of respondent and its predecessor in interest. On June 12, 1979, respondent made a book entry which erroneously credited 400 shares of Dome Mines Limited stock to petitioner's account. On September 11, 1979, respondent delivered the 400 shares of Dome Mines stock to petitioner. Respondent became aware of its mistake in August 1984 and sought return of the securities from petitioner. Respondent wrote a series of letters and attempted numerous telephonic contacts with petitioner and his counsel, most of which were allegedly not answered. When contact was made, petitioner's counsel allegedly requested delays in order to review the matter. On February 20, 1985, petitioner admitted that he had sold the 400 shares of Dome Mines stock and promised respondent that he would provide respondent with confirmations of the sale. Respondent never received the confirmations.

On August 1, 1985, respondent commenced an arbitration proceeding against petitioner before the New York Stock Exchange. The arbitration was commenced pursuant to a customer agreement executed by petitioner and respondent's predecessor. Petitioner then brought this application seeking a stay of arbitration on the ground that respondent's claim was barred by the Statute of Limitations. The arbitration was stayed temporarily, pending determination of the application. Respondent cross-moved for an order vacating the temporary stay and compelling petitioner to proceed with arbitration. Supreme Court denied petitioner's application for a stay of arbitration and granted respondent's cross motion in its entirety. Supreme Court declined to pass on the issue concerning the Statute of Limitations, holding that such issue should be initially passed upon by the arbitrator. Petitioner appeals.

Petitioner's initial contention that Supreme Court erred in not deciding the Statute of Limitations issue is not disputed by respondent (see, CPLR 7502 [b]; *Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6-7; Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363; Matter of Andresen & Co. v Shepard, 45 AD2d 578*). This court, however, can render a determination which, upon the evidence, should have been rendered by Supreme Court (CPLR 5522; *see, Glidden v Metropolitan Life Ins. Co., 41 AD2d 621*). Accordingly, we will address the issue of whether this arbitration is barred by the Statute of Limitations.

Petitioner characterizes his behavior as constituting conversion and thus asserts that the three-year limitation period of CPLR 214 (3) is applicable. Respondent argues that the action

is based upon mistake and, thus, governed by the six-year period provided in CPLR 213 (6). A wrongdoer should not be permitted to allege his own wrong for the purpose of defeating an action on the ground that it is barred by the Statute of Limitations *(Baratta v Kozlowski,* 94 AD2d 454, 463). Further, if alternative theories can arguably support a claim, and any one of them carries a limitation period which would keep the claim alive, the claim should be sustained as timely and the arbitrator allowed to hear it (Siegel, NY Prac § 590, at 841; *see, Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). Applying this liberal standard to the facts at hand, we find that respondent has articulated a colorable claim of mistake. Hence, the six-year period of CPLR 213 (6) is the governing time period.

Even applying the six-year Statute of Limitations period, an issue remains as to whether the claim was timely. Generally, the six-year period commences to run upon the occurrence of the actionable mistake *(Morris v Budlong,* 78 NY 543; *Nichols v Regent Props.,* 49 AD2d 847; Annotation, *When Statute of Limitations Begins To Run Against Action To Recover Money Paid By Mistake,* 79 ALR3d 754 §§ 3-4). The issue here involves when the mistake actually occurred. Petitioner argues that the cause of action accrued on June 12, 1979 when respondent made a book entry erroneously crediting the 400 shares of Dome Mines to petitioner. If this argument was accepted, the claim would be time barred under the six-year period since the arbitration proceeding was not commenced until August 1, 1985. Respondent, on the other hand, asserts that the delivery of the shares on September 11, 1979 is the date when the claim accrued. We agree with respondent and thus find the claim timely.

There is authority for the proposition that the Statute of Limitations for a cause of action based on mistake does not commence running until delivery of the disputed instrument *(Nichols v Regent Props., supra; Northerly Corp. v Hermett Realty Corp.,* 15 AD2d 888; 37 NY Jur, Mistake, Accident, or Surprise, § 20, at 540). There are sound reasons for applying this rule to the facts at hand. Although respondent concedes that a mistake occurred when it made an incorrect book entry showing petitioner as the owner of the stock, no actionable harm occurred from this mistake. It was an internal matter which could have been corrected without notice to petitioner or harm to any party. However, once the actual securities were delivered to petitioner, an actionable mistake had occurred. Then, in order to regain return of the securities,

respondent was forced to rely on the goodwill of petitioner or commence legal action. It was at such point, on September 11, 1979, that the cause of action accrued. Accordingly, the claim filed on August 1, 1985 was within the six-year Statute of Limitations period.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.