■ LAUER'S FURNITURE STORES, INC., et al., Respondents, v PITTSFORD PLACE ASSOCIATES et al., Appellants. PITTSFORD PLACE ASSOCIATES, Appellant, v LAUER'S FURNITURE STORES, INC., Respondent. (Summary Proceeding No. 1.) (Warehouses 1 and 2.) PITTSFORD PLACE ASSOCIATES, Appellant, v LAUER'S FURNITURE STORES, INC., Respondent. (Summary Proceeding No. 2.) (Retail Store.) (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erred by removing to Supreme Court a summary proceeding involving leased warehouse space commenced by Pittsford Place Associates in the Justice Court of the Town of Pittsford against Lauer's Furniture Stores, Inc. (Lauer's) and consolidating it with an action entitled *Lauer's Furniture Stores v Pittsford Place Assocs.* pending in Supreme Court and related to a separate lease for retail space. That summary proceeding sought to evict Lauer's from certain warehouse space based upon its alleged failure to pay rent and utilities pursuant to separately executed warehouse leases. Lauer's obligations under the warehouse leases are separate from its obligations

under the lease for retail space and we conclude that, under the circumstances, there are no common questions of law or fact to warrant the removal and consolidation *(see,* CPLR 602 [a], [b]; *Dunkin' Donuts v Reyes Corp.,* 166 AD2d 908). Supreme Court properly removed to Supreme Court a second summary proceeding, commenced by Pittsford Place Associates against Lauer's in the same Justice Court, which seeks to evict Lauer's from the leased retail space, and consolidated that proceeding with the Supreme Court action because common questions of law or fact exist and Pittsford Place Associates failed to demonstrate that prejudice to a substantial right would result if the consolidation were ordered *(see, Del Bello v Wilmot,* 59 AD2d 1023).

Supreme Court erred by failing to grant summary judgment to Pittsford Place Associates and John Summers dismissing the first cause of action asserted in the amended complaint in the Supreme Court action because it is barred by the applicable six-year Statute of Limitations *(see,* CPLR 213 [6]). The six-year Statute of Limitations period commenced to "run upon the occurrence of the actionable mistake" *(Matter of Allen [First Wallstreet Settlement Corp.],* 130 AD2d 824, 826). Here, the alleged mistake regarding the dimensions of the leased space occurred when the lease was executed on May 1, 1981 and the action was commenced approximately nine years later in 1990.

In the fourth cause of action Bell seeks to recover a "rental fee for all new leases and renewals" pursuant to an alleged oral agreement with defendants. That cause of action should have been dismissed because Bell failed to allege that he is a licensed real estate broker or salesperson as required by Real Property Law § 442-d. Moreover, any such oral agreement is "void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent" (General Obligations Law § 5-701 [a] [10]). In all other respects, the order of Supreme Court should be affirmed. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Consolidation.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.