■ FIRST NATIONAL BANK OF ROCHESTER, Respondent, v JAMES F. VOLPE et al., Appellants, et al., Defendants. [629 NYS2d 906] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: James F. Volpe and James J. Volpe (defendants) appeal from an order that granted plaintiff's motion to amend the complaint to state a cause of action for reformation of the parties' "Modification and Extension Agreement" based on a theory of mutual mistake, and denied defendants' cross motion for summary judgment dismissing the complaint in this action to foreclose a mortgage on defendants' real property and to enforce promissory notes and guarantees executed by defendants. Defendants contend that the proposed amendment of

the complaint is barred by the Statute of Limitations, is patently lacking in merit, has been pleaded with insufficient particularity, is barred by the doctrine of laches, and is precluded by the doctrine of law of the case. Defendants also contend that they are entitled to summary judgment because, pursuant to the express terms of the Modification and Extension Agreement, plaintiff is not entitled to call the loan until the year 2012 and defendants therefore are not in default.

The proposed amendment of the complaint should have been denied as untimely. CPLR 213 (6) prescribes a six-year Statute of Limitations for "an action based upon mistake". That period began to run when the alleged mistake occurred, that is, when the written contract was executed (*see, Lauer's Furniture Stores v Pittsford Place Assocs.*, 177 AD2d 942, *lv dismissed* 79 NY2d 1040; *Black v Mill Rd. Assocs.*, 86 AD2d 621), which in this case was May 15, 1987. Plaintiff did not seek to amend until 1994. Contrary to plaintiff's contention, this case does not fall within CPLR 203 (g) because a cause of action based upon mistake is not one in which accrual is measured by actual or constructive discovery (*see,* CPLR 213 [6]; *compare,* CPLR 213 [8]). Moreover, contrary to plaintiff's assertion, the claim asserted in the proposed amended pleading does not relate back to the original complaint pursuant to CPLR 203 (f). The original complaint alleged that defendants breached their obligations under the notes and guarantees, and thus did not give notice of the same transactions or occurrences sought to be proved by the proposed amendment, which alleges a mistake in the formation or articulation of the contract (*cf., Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 789, 791-792; *Levy v Kendricks*, 170 AD2d 387; *Davis v Davis*, 95 AD2d 674, 675). In view of our conclusion that the proposed amendment is untimely, we need not consider defendants' other objections to it.

The court properly denied defendants' motion for summary judgment dismissing the complaint. There are triable issues of fact concerning what the parties intended by the series of documents executed on May 15, 1987, in particular, the conflicting provisions concerning the maturity date of the loan (*cf., Genrich v Holiday Lady Fitness Ctr.*, 216 AD2d 897). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Amend Complaint.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.