■ DOMINICK ZAVAGLIA et al., Respondents, v FRANK T. GARDNER et al., Appellants. [666 NYS2d 671] —In an action, *inter alia,* for rescission of a contract for the sale of real property based upon mutual mistake, the defendants appeal, as limited by their brief, from so much of (1) a decision of the Supreme Court, Kings County (Feldman, J.), dated January 24, 1997, as determined that there was a mutual mistake with regard to a material fact and that the contract should be rescinded, and (2) a judgment of the same court, dated April 16, 1997, as, upon rescinding the contract, is in favor of the plaintiffs and against them in the principal sum of $193,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

On or about April 15, 1988, the plaintiffs and the defendants executed a contract for the sale of real property owned by the defendants. The contract contained a rider, drafted by the plaintiffs' attorney, which stated that the second-floor apartment was not subject to rent control or stabilization. In November 1989 the plaintiffs learned that the apartment was subject to rent control and commenced this action on or about July 12, 1994, seeking, *inter alia,* rescission of the contract. The trial court found, *inter alia,* that there was a mutual mistake of a material fact and directed that the contract be rescinded. We now reverse.

An action for rescission premised upon mistake is subject to a six-year Statute of Limitations, which begins to run when the alleged mistake or actionable wrong occurred (*see,* CPLR 213 [6]; *First Natl. Bank v Volpe,* 217 AD2d 967). As the mistake in the contract rider herein was the wrong that would warrant rescission, we find that the cause of action for mutual mistake is untimely and accordingly dismiss the complaint. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.