■ Anthony Prestandrea et al., Respondents, v Edward T. Stein et al., Appellants, et al., Defendants. (And a Related Action.) [692 NYS2d 689] —In an action, *inter alia,* to recover damages for fraud, the defendants Edward T. Stein and Edward T. Stein Assocs., Ltd., appeal from so much of an order

of the Supreme Court, Suffolk County (Seidell, J.), dated April 13, 1998, as denied that branch of their motion which was for partial summary judgment dismissing those causes of action based on fraud on the ground that they are time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for partial summary judgment dismissing the causes of action based on fraud is granted.

The plaintiff Anthony Prestandrea is the president and chief executive officer of Prestan Homes, Inc. Anthony Prestandrea commenced this action on his own behalf and as trustee of Prestan Homes, Inc., Retirement Plan and Prestan Homes Profit Sharing Plan alleging, *inter alia*, that the defendants defrauded the plaintiffs by misrepresenting that certain investments which they recommended were secure and would provide steady income.

The Statute of Limitations for fraud is six years from the commission of the wrong or two years from the discovery thereof, whichever is longer (CPLR 213 [8]). Here, the plaintiffs seek to rely on the two-year discovery rule. Prestandrea claims that he was unable to discover the fraud through the exercise of reasonable diligence prior to the commencement of litigation in his 1994 matrimonial action.

The test as to when a plaintiff should have discovered an alleged fraud is an objective one (*see, Watts v Exxon Corp.,* 188 AD2d 74; *TMG-II v Price Waterhouse & Co.,* 175 AD2d 21). As noted by the Second Circuit in *Armstrong v McAlpin* (699 F2d 79, 88): " '[W]here the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him.' *Higgins v. Crouse,* 147 N. Y. 411, 416".

Here, in addition to receiving prospectuses and private placement memoranda, it is undisputed that Prestandrea received other documents and statements advising of losses on investments or that certain investments were not performing well, and he had filed numerous tax returns claiming substantial capital losses, all before the unspecified date in 1994 when he maintains he first discovered the fraud. " '[T]he limitation period is not tolled if a plaintiff has a reasonable basis to suspect wrong and fails to exercise due diligence to investigate the matter' " (*Landy v Mitchell Petroleum Technology Corp.,* 734 F Supp 608, 617, quoting *Bender v Rocky Mtn. Drilling Assocs.,*

648 F Supp 330, 335; *see also, Goodman v Shearson Lehman Bros.,* 698 F Supp 1078). The plaintiffs did not file suit within two years of when the fraud should have been discovered and accordingly the defendants' motion for summary judgment should have been granted. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.