■ PRINCESS VIDEO, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [716 NYS2d 82] —In an action to re-

cover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 1, 1999, which granted the defendants' separate motions to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with costs.

In 1994 the defendant New York City Transit Authority began the construction of an elevator between the street and the underground subway platform on Flatbush Avenue in Brooklyn. As a consequence of that work, the public sidewalk adjacent to the plaintiffs' premises was closed in varying degrees until 1997. The plaintiffs allege that the lengthy sidewalk closure was due to the defendants' negligence in the "planning, design and construction" of the elevator project, and that as a result, they suffered losses at their respective businesses. In 1997 the plaintiffs commenced this lawsuit to recover damages for negligence.

Both General Municipal Law § 50-i (1) and Public Authorities Law § 1212 (2) prohibit an action based on tort against municipal defendants unless the action is commenced no later than one year and 90 days *after the happening of the event upon which the claim is based* (emphasis supplied). Since the "happening of the event" upon which the plaintiffs base their claim against the defendants is the closure of the sidewalk in 1994, this action commenced in 1997 is clearly untimely and thus was properly dismissed (*see, Klein v City of Yonkers,* 53 NY2d 1011; *Scarzfava v City of Newburgh,* 255 AD2d 436; *Johnson v Marianetti,* 202 AD2d 970).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.