■ THOMAS ESPIE et al., Appellants, v THOMAS MURPHY, Individually and as Former Town Supervisor of Town of Poughkeepsie, et al., Respondents. KENNETH J. McCULLOCH, Nonparty Appellant. [825 NYS2d 537]—

In an action, inter alia, to recover damages for fraud, the plaintiffs and the nonparty, Kenneth J. McCulloch, appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 6, 2005, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and directed a hearing to determine that branch of the defendants' motion which was for an award of costs, expenses, and an attorney's fee, and the imposition of sanctions against them.

Ordered that the appeal from so much of the order as directed a hearing to determine that branch of the defendants' motion which was for an award of costs, expenses, and an attorney's fee, and the imposition of sanctions against the appellants is dismissed; and it is further,

Ordered that the appeal by Kenneth J. McCulloch from so much of the order as granted that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; it is further, ordered that one bill of costs is awarded to the defendants payable by the appellants.

The appeal from so much of the order as directed a hearing to determine that branch of the defendants' motion which was for an award of costs, expenses, and an attorney's fee, and the imposition of sanctions against the plaintiffs and the nonparty Kenneth J. McCulloch must be dismissed, as an order which directs a hearing on a motion does not affect a substantial right and is not appealable as of right, and leave to appeal has not been granted (*see* CPLR 5701 [a], [c]; *Posner v Post Rd. Dev. Equity,* 253 AD2d 866, 867 [1998]). The appeal by McCulloch from so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred must also be dismissed on the ground that McCulloch is not aggrieved by that portion of the order (*see* CPLR 5511).

A cause of action alleging fraud must be commenced within six years after the date on which the cause of action accrued or within two years after the time the plaintiff could have discovered the fraud with reasonable diligence (*see* CPLR 213 [8]). A plaintiff's ability to discover an alleged fraud depends on whether he or she "possessed knowledge of facts from which the fraud could reasonably have been inferred" (*Northridge Ltd. Partnership v Spence,* 246 AD2d 582, 583 [1998]; *see Shannon v Gordon,* 249 AD2d 291, 292 [1998]). To the extent that the plaintiffs' second cause of action sounds in negligent mis-

representation, it too was subject to a six-year statute of limitations (*see Fandy Corp. v Lung-Fong Chen,* 262 AD2d 352, 353 [1999]).

This action arises from a closing agreement entered into by the plaintiffs and the defendant Town of Poughkeepsie on September 18, 1996. By the time the closing agreement was executed, the alleged fraudulent misrepresentations had been made, and the plaintiffs were aware of facts from which they could reasonably infer the existence of the alleged fraud. Thus, the plaintiffs' causes of action accrued on September 18, 1996, and the longest limitations period available to them expired on September 18, 2002. The plaintiffs did not commence this action until May 2005, at the earliest. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.