■ STATE OF NEW YORK et al., Respondents, v ALLAN GRECCO et al., Appellants, et al., Defendant. [840 NYS2d 149]—

In an action, inter alia, pursuant to Executive Law § 63-c to recover public money improperly obtained, the defendant Allan Grecco appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 1, 2006, as denied his motion for summary judgment dismissing the first and second causes of action insofar as asserted against him, and the defendants Robert Toussie and Chandler Property, Inc., separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The present appeal is the latest in a series of at least six lawsuits which all stem from certain real estate transactions that took place while the defendant Allan Grecco served as the Deputy Director and then the Director of the Suffolk County Division of Real Estate (hereinafter the SCDRE). During his tenure in the SCDRE, Grecco was also the president and sole shareholder of a title company known as Peerless Abstract Corp. (hereinafter Peerless). In essence, the underlying issue in all of these cases is whether Grecco misused his position in the SCDRE to benefit local real estate developers, particularly the defendant Robert Toussie, who purportedly steered a substantial amount of business to Peerless.

In 2002 the Attorney General of the State of New York commenced the present action, inter alia, pursuant to Executive Law § 63-c, commonly known as the "Tweed Law," to recover the funds that Grecco, Robert Toussie, and two of his corporations allegedly misappropriated from the County of Suffolk. (Since the action was discontinued against one of the corporations, Robert Toussie and the remaining corporation Chandler

Properties, Inc., are hereinafter collectively referred to as the Toussie defendants.) The gravamen of the complaint is that Grecco negotiated a deal with the Toussie defendants which caused the County of Suffolk to pay substantially more than the fair market value to purchase the Chandler estate, which consists of about 40 acres of undeveloped land on the shore of the Mt. Sinai Harbor in the Town of Brookhaven.

Upon separate motions pursuant to CPLR 3211 (a), the Supreme Court, Suffolk County, dismissed the entire complaint. Upon the Attorney General's appeal, this Court reinstated the first and second causes of action insofar as they assert that Grecco breached his fiduciary duty and engaged in a conflict of interest during the Chandler estate transaction and reinstated the first cause of action insofar as it asserts that the Toussie defendants aided and abetted Grecco in breaching his fiduciary duty during the same transaction (*see State of New York v Grecco*, 21 AD3d 470 [2005]).

Both Grecco and Toussie subsequently moved for summary judgment dismissing the remaining claims against them. In the order appealed from, the Supreme Court, inter alia, denied the motion of the Toussie defendants on the ground that it was not supported by an affidavit from a person with first-hand knowledge of the facts and denied Grecco's motion on the ground that there are triable issues of fact.

Contrary to Grecco's contention, the Supreme Court correctly determined that he failed to meet his burden, as the proponent of a summary judgment motion, to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any triable issue of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The record reveals that there are several triable issues of fact, regarding, inter alia: (1) the fair market value of the Chandler estate, (2) the extent of Grecco's business relationship with Toussie, (3) the scope of Grecco's obligation, if any, to disclose that business relationship, (4) whether Grecco was acting within the scope of his authority when he negotiated the Chandler estate transaction, and (5) whether the County ratified Grecco's actions.

The Supreme Court improperly denied the motion by the Toussie defendants on the procedural ground that they did not submit an affidavit from a person with first-hand knowledge of the facts (*see* CPLR 3212). Although their attorney did not assert any personal knowledge of the facts, his affirmation, to which were annexed at least 57 exhibits, satisfied the statutory requirements because it served as a vehicle for the submission

of documentary evidence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]).

At this stage of the litigation, however, there are material issues of fact which preclude granting summary judgment in favor of the Toussie defendants. In particular, there are questions of fact as to whether they knowingly induced, or substantially assisted, Grecco in the alleged breach of his fiduciary duty to the County (*cf. Kaufman v Cohen*, 307 AD2d 113 [2003]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.