■ JOHN OGGIONI, Appellant, v ELLEN OGGIONI et al., Respondents. [848 NYS2d 245]—

In an action, inter alia, to set aside a deed on the ground of fraud, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated January 9, 2006, which granted the defendants' cross motion, among other things, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and denied, as academic, his motion pursuant to CPLR 602 (a) for a joint trial of this action with a proceeding entitled probate proceeding, will of Frank Oggioni, pending in the Surrogate's Court, Suffolk County, under file No. 2335 P 2000, and (2) an order of the same court dated March 21, 2006,

which denied his motion, denominated as one for leave to renew and reargue, but which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from so much of the order dated January 9, 2006, as denied, as academic, the plaintiff's motion pursuant to CPLR 602 (a) for a joint trial of this action with a proceeding entitled probate proceeding, will of Frank Oggioni, pending in the Surrogate's Court, Suffolk County, under file No. 2335 P 2000, is dismissed as academic, without costs or disbursement; and it is further,

Ordered that the appeal from the order dated March 21, 2006, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 9, 2006, is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and substituting therefor a provision granting that branch of the cross motion to the extent that it was, in effect, to dismiss the second cause of action as time-barred and otherwise denying that branch of the cross motion; as so modified, the order dated January 9, 2006, is affirmed insofar as reviewed, without costs or disbursements.

Sometime in 1995 the plaintiff became estranged from his father, Frank Oggioni (hereinafter the father). On December 30, 1996 the father executed a will leaving his "property, real, personal and mixed, of whatever nature and wherever situated" to his daughters, the defendants Ellen Oggioni and Florence Oggioni (who are the plaintiff's sisters), in equal shares. No testamentary disposition was made to the plaintiff. On May 8, 1997, while in the hospital, the father was diagnosed with senile dementia and found to be mentally incompetent to make his own medical decisions. That same day, the father executed a deed transferring his home in Kings Park, New York (hereinafter the subject property) to Ellen Oggioni. He also executed a durable general power of attorney to the defendants on that day. On September 20, 1998 the father died.

On or about September 11, 2000 the plaintiff petitioned the Surrogate's Court for appointment as administrator of his father's estate. In the petition, the plaintiff listed the subject property as an estate asset. On or about December 28, 2000, the defendants petitioned the Surrogate's Court (hereinafter the probate petition) for probate of their father's will and for letters testamentary (hereinafter the probate proceeding). In the probate petition, the defendants indicated that the father's

estate did not include any real property. On or about January 24, 2001 the probate petition was served on the plaintiff. In November 2001 the plaintiff filed objections to probate. On September 24, 2002 the defendants testified at their depositions regarding the execution of the deed and power of attorney.

On November 6, 2003 the plaintiff commenced this action against the defendants, inter alia, to set aside the deed on the ground of fraud. The plaintiff also alleged that the defendants used the power of attorney to remove him as a beneficiary under an individual retirement account (hereinafter the IRA) held by the father from which the defendants had withdrawn all the money and purchased an annuity for their own benefit. The plaintiff moved pursuant to CPLR 602 (a) for a joint trial of this action with the probate proceeding. The defendants cross-moved, inter alia, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. In opposition to the cross motion, the plaintiff argued that he could not have discovered the fraud with reasonable diligence until September 24, 2002, the date the defendants were deposed in connection with the probate proceeding. The Supreme Court granted the defendants' cross motion and denied the plaintiff's motion for a joint trial as academic.

A cause of action based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered, whichever is longer (see CPLR 203 [g]; 213 [8]; Town of Poughkeepsie v Espie, 41 AD3d 701, 705 [2007]; Espie v Murphy, 35 AD3d 346, 347 [2006]; Prestandrea v Stein, 262 AD2d 621, 622 [1999]; Shannon v Gordon, 249 AD2d 291, 292 [1998]). A cause of action based upon fraud accrues, for statute of limitations purposes, at the time the plaintiff "possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence" (Town of Poughkeepsie v Espie, 41 AD3d at 705; see Northridge Ltd. Partnership v Spence, 246 AD2d 582, 583 [1998]). Here, the Supreme Court properly determined that the second cause of action to set aside the deed on the ground of fraud was time-barred because the plaintiff possessed knowledge of facts from which the fraud could reasonably have been inferred when he was served with the probate petition indicating that his father owned no real property at the time of his death.

However, the Supreme Court should not have dismissed the remaining causes of action alleging, inter alia, that the defendants used the power of attorney to remove the plaintiff as a beneficiary under the IRA. "Where it does not conclusively

appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a complaint should not be dismissed on motion and the question should be left to the trier of the facts" (*Trepuk v Frank*, 44 NY2d 723, 725 [1978]). Here, there was no indication in the challenged pleading or in the papers submitted by the defendants on their motion as to when the plaintiff became aware that the father owned the IRA, and when the defendants withdrew the money from it. Further, since an IRA is a non-probate asset passing by operation of law, it would not have been included within the gross estate inventory in the probate petition. As such, this question should be left for the trier of fact (*see Trepuk v Frank*, 44 NY2d at 725; *Mitschele v Schultz*, 36 AD3d 249, 256 [2006]; *Thompson v Whitestone Sav. & Loan Assn.*, 131 AD2d 749, 751 [1987]).

In light of the fact that the plaintiff, during the pendency of this appeal, withdrew his objections to the probate of the father's will, the appeal from so much of the order dated January 9, 2006, as denied, as academic, the plaintiff's motion pursuant to CPLR 602 (a) for a joint trial of this action with a proceeding entitled probate proceeding, will of Frank Oggioni, pending in the Surrogate's Court, Suffolk County, under File No. 2335 P 2000 has been rendered academic. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.