In an action to recover damages for fraud and notarial misconduct, the plaintiff and his attorney, the nonparty Andrew Moulinos, appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered February 20, 2008, which granted the motion of the defendant Anna Mullane pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against her, and for an award of costs, including a reasonable attorney’s fee, pursuant to 22 NYCRR 130-1.1, and directed Andrew Moulinos to personally pay costs, including a reasonable attorney’s fee, in the sum of $1,500, to the defendant Anna Mullane.
Ordered that the appeal by the plaintiff from so much of the order as directed the nonparty Andrew Moulinos to personally pay, to the defendant Anna Mullane, the award of costs, including a reasonable attorney’s fee in the sum of $1,500, is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that the appeal by the nonparty Andrew Moulinos *636 from so much of the order as granted that branch of the motion of the defendant Anna Mullane which was to dismiss the amended complaint insofar as asserted against her is dismissed, without costs or disbursements, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Anna Mullane which was to dismiss the fraud cause of action insofar as asserted against her, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion which was for the imposition of costs, including a reasonable attorney’s fee, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof directing the nonparty Andrew Moulinos to personally pay, to the defendant Anna Mullane, the award of costs, including a reasonable attorney’s fee in the sum of $1,500; as so modified, the order is affirmed, without costs or disbursements.
While CPLR 3016 (b) requires that a cause of action sounding in fraud must be pleaded with factual detail (see Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646-647 [1989]; Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278 [2001]; Walden Terrace v Broadwall Mgt. Corp., 213 AD2d 630 [1995]), the specificity requirement of the statute is relaxed where, as here, it is alleged that the particular circumstances of the claimed fraud are exclusively within the defendants’ knowledge (see Lanzi v Brooks, 43 NY2d 778, 780 [1977]; Caprer v Nussbaum, 36 AD3d 176, 203 [2006]; Kaufman v Cohen, 307 AD2d 113, 121 [2003]; Bernstein v Kelso & Co., 231 AD2d 314, 321 [1997]). Contrary to the determination of the Supreme Court, under the circumstances of this case, the fraud cause of action was pleaded with specificity sufficient to comply with CPLR 3016 (b).
Similarly, the Supreme Court erred in directing dismissal of the fraud cause of action as time-barred. “A cause of action based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered, whichever is longer” (Oggioni v Oggioni, 46 AD3d 646, 648 [2007]; see CPLR 213 [8]). The two-year period begins to run when the circumstances reasonably would suggest to the plaintiff that he or she may have been defrauded, so as to trigger a duty to inquire on his or her part (see Saphir Intl., SA v UBS PaineWebber Inc., 25 AD3d 315, 315-316 [2006]; Prestandrea v Stein, 262 AD2d 621, 622 [1999]). Since it is unclear from the record when the plaintiff first should have been aware *637 of the possible fraud, that cause of action should not have been dismissed as time-barred (see Trepuk v Frank, 44 NY2d 723, 725 [1978]; Mitschele v Schultz, 36 AD3d 249, 255-256 [2006]).
The Supreme Court, however, properly directed dismissal of the cause of action to recover damages for notarial misconduct, since it was barred by the applicable six-year statute of limitations (see Rastelli v Gassman, 231 AD2d 507, 508-509 [1996]).
Finally, in view of the foregoing, the Supreme Court erred in awarding the defendant Anna Mullane costs, including a reasonable attorney’s fee, based on the alleged frivolous conduct of the plaintiff and his attorney pursuant to 22 NYCRR 130-1.1. Ritter, J.E, Florio, Miller and Garni, JJ., concur. [See 2008 NY Slip Op 30500OJ).]