PRAND CORP., Appellant, v COUNTY OF SUFFOLK et al., Respondents. [878 NYS2d 198]—

In an action to rescind a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated March 12, 2008, which, inter alia, granted the defendants' separate motions pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In the summer of 2000 the defendant County of Suffolk agreed to purchase, and the plaintiff agreed to sell, a parcel of land known as the Chandler Estate in the Town of Brookhaven. The contract, which set a total purchase price of $5,000,000, was fully executed by August 22, 2000, and the transaction closed on September 8, 2000. The County paid $4,500,000 of the

purchase price and the defendant Town of Brookhaven contributed the remaining $500,000. In 2002, however, the New York State Attorney General commenced an action against, among others, the plaintiff for allegedly violating Executive Law § 63-c. The complaint alleged that the fair market value of the Chandler Estate was significantly less than the $5,000,000 purchase price and that improper conduct by a County official and the plaintiff's principal resulted in payment of that allegedly inflated price (*see State of New York v Grecco,* 43 AD3d 397 [2007]). The Attorney General sought recovery of the difference between the fair market value of the Chandler Estate and the $5,000,000 purchase price. Thereafter, on September 8, 2006, more than six years after the contract was fully executed, but exactly six years after the closing of title, the plaintiff commenced this action, seeking rescission of "the contract of sale" based on mutual mistake, fraudulent inducement, and failure of proper consideration, as well as "equitable rescission" of "the contract of sale." The defendants separately moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the statute of limitations had run before the action was commenced. The Supreme Court granted the motions. We affirm.

A cause of action for rescission based on mistake runs from the date of the alleged mistake or actionable wrong (*see* CPLR 213 [6]; *Zavaglia v Gardner,* 245 AD2d 446 [1997]). Here, the cause of action for rescission of the contract accrued on the date that the price was set in the contract, which was the date when the contract was fully executed (*see Zavaglia v Gardner,* 245 AD2d 446 [1997]; *cf. First Natl. Bank of Rochester v Volpe,* 217 AD2d 967, 968 [1995]). Consequently, the cause of action seeking rescission of the contract of sale on the ground of mutual mistake, which was brought more than six years after the contract was fully executed, was untimely (*see Zavaglia v Gardner,* 245 AD2d 446 [1997]).

A cause of action alleging fraud is timely if it is commenced either within six years from the time of the fraud, or within two years after the plaintiff discovers, or with reasonable diligence could have discovered, the fraud (*see* CPLR 213 [8]; *Pericon v Ruck,* 56 AD3d 635, 636 [2008]; *Oggioni v Oggioni,* 46 AD3d 646, 648 [2007]; *Town of Poughkeepsie v Espie,* 41 AD3d 701, 705 [2007]; *Shannon v Gordon,* 249 AD2d 291, 292 [1998]). The test as to when a plaintiff, with reasonable diligence, could have discovered an alleged fraud is an objective one (*see Prestandrea v Stein,* 262 AD2d 621, 622 [1999]). Here, notice to the plaintiff of the Attorney General's action in 2002 clearly triggered a duty

on the part of the plaintiff to inquire as to potential fraud with respect to the contract of sale (*see Shannon v Gordon,* 249 AD2d at 292; *cf. Pericon v Ruck,* 56 AD3d at 636). Inasmuch as the plaintiff did not commence the instant action until more than six years after the time of the alleged fraud, and more than two years after the plaintiff, with reasonable diligence, could have discovered the alleged fraud, the cause of action for rescission based upon fraudulent inducement is barred by the statute of limitations (*see* CPLR 213 [8]; *Oggioni v Oggioni,* 46 AD3d at 648).

The remaining causes of action also were properly dismissed. Those causes of action are expressly predicated on recoupment of a portion of the paid purchase price sought by the Attorney General in his 2002 action based on the Executive Law. That action, however, has not yet been resolved. Thus far, therefore, there has been no failure of consideration nor any determination that a County official acted improperly in determining the fair market value of the Chandler Estate. Consequently, there exists no present controversy with respect to those causes of actions and, thus, they are not ripe for review (*cf. City of Utica v New York Susquehanna & W. Ry. Corp.,* 46 AD3d 1355, 1356 [2007]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,* 302 AD2d 155, 165 [2002]; *Dick's Quarry v Town of Warwick,* 293 AD2d 445, 445-446 [2002]).

In light of our determination, we need not address the parties' remaining contentions. Fisher, J.P., Miller, Chambers and Austin, JJ., concur. [*See* 2008 NY Slip Op 30844(U).]