SANDPEBBLE BUILDERS, INC., Appellant, v DEBORAH MANSIR et al., Respondents. [936 NYS2d 215]—

The plaintiff commenced this action, inter alia, to recover damages for fraud, based upon allegations that the defendant Deborah Mansir, formerly the President of the Board of Education of the defendant East Hampton Union Free School District (hereinafter the School Board), misrepresented her authority to sign a contract on behalf of the East Hampton Union Free

School District (hereinafter the School District) by signing the contract despite knowledge of her lack of authority to do so. The defendants moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5) as time-barred. The Supreme Court granted that branch of the defendants' motion. The plaintiff appeals. We affirm.

An action based in tort against a school district or a board of education, or an officer of a board of education acting within the scope of his or her duties, is subject to the time limits for commencement of an action set forth in General Municipal Law § 50-i (1) (*see* Education Law § 3813 [2]). General Municipal Law § 50-i (1) prohibits an action based on tort against municipal and school district defendants unless the action is commenced no later than one year and 90 days "after the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1]). Since the "happening of the event" upon which the plaintiff bases its claims is Mansir's April 2002 act of misrepresenting her authority to sign a contract by signing the contract, this action, which was commenced in 2008, is untimely as to the defendant School District (*see* CPLR 3211 [a] [5]; *Klein v City of Yonkers*, 53 NY2d 1011, 1013 [1981]; *Princess Video v City of New York*, 277 AD2d 300, 301 [2000]; *Merritt v Hooshang Constr.*, 216 AD2d 542, 543 [1995]).

Further, the cause of action asserted against Mansir, to the extent that it alleged that Mansir was acting in the course and within the scope of her employment with the School District, is untimely under the statute of limitations provided in General Municipal Law § 50-i for the reason just discussed. To the extent that the cause of action is asserted against Mansir in her individual capacity, and alleges that she was acting outside of the scope of her employment, it is time-barred by CPLR 213 (8). Under CPLR 213 (8), a cause of action alleging fraud must be commenced within the greater of six years from the date the cause of action accrued or two years from the time the plaintiff, with reasonable diligence, could have discovered the fraud (*see* CPLR 213 [8]; *Prand Corp. v County of Suffolk*, 62 AD3d 681, 682-683 [2009]; *Prestandrea v Stein*, 262 AD2d 621, 622 [1999]). Here, a letter sent by the School District to the plaintiff in May 2005, informing the plaintiff that it did not appear that the School Board approved the execution of the contract by Mansir, and that the School Board would not retroactively approve or ratify the contract, "clearly triggered a duty on the part of the plaintiff to inquire as to potential fraud" (*Prand Corp. v County of Suffolk*, 62 AD3d at 682-683; *see Prestandrea v Stein*, 262 AD2d at 622-623). Inasmuch as the plaintiff did not commence

the instant action until more than six years after the time of the alleged fraud, and more than two years after it, with reasonable diligence, could have discovered the alleged fraud, the cause of action against Mansir, to the extent it was asserted against her in her individual capacity, was time-barred under CPLR 213 (8).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Hall, Lott and Roman, JJ., concur.

---

Motion by the respondents, on an appeal from an order of the Supreme Court, Suffolk County, entered October 22, 2009, inter alia, to strike the appellant's reply brief. By decision and order on motion of this Court dated October 7, 2010, that branch of the motion which was to strike the appellant's reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, upon the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike the appellant's reply brief is denied (see 22 NYCRR 670.10-c [g] [4] [ii]). Skelos, J.P., Hall, Lott and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32443(U).]**