In an action to recover damages for fraud, the defendants separately appeal from an order of the Supreme Court, Putnam County (Lubell, J.), dated April 25, 2013, which denied their separate motions pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as barred by the applicable statute of limitations.
Ordered that the order is reversed, on the law, with one bill of costs, and the defendants’ separate motions to dismiss the complaint insofar as asserted against each of them are granted.
A cause of action alleging fraud must be commenced within six years after the date on which the cause of action accrued or within two years after the time the plaintiff could, with reasonable diligence, have discovered the alleged fraud, whichever is later (see CPLR 213 [8]; Espie v Murphy, 35 AD3d 346, 347 [2006]). “The test as to when a plaintiff, with reasonable dili *691 gence, could have discovered an alleged fraud is an objective one” (Prand Corp. v County of Suffolk, 62 AD3d 681, 682 [2009]; see Prestandrea v Stein, 262 AD2d 621, 622 [1999]; TMG-II v Price Waterhouse & Co., 175 AD2d 21, 22-23 [1991]).
Here, the plaintiff did not commence the instant action until more than six years after the date on which the fraud cause of action accrued and more than two years after he, with reasonable diligence, could have discovered the alleged fraud (see Mizuno v Barak, 113 AD3d 825 [2014]; Prand Corp. v County of Suffolk, 62 AD3d at 682; Espie v Murphy, 35 AD3d at 347; TMG-II v Price Waterhouse & Co., 175 AD2d at 22-23). Accordingly, the Supreme Court should have granted the defendants’ separate motions pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against each of them as time-barred.
Mastro, J.P, Chambers, Austin and Miller, JJ., concur.